# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**UNITED STATES OF AMERICA,**

    Plaintiff,

-v-                                        CASE NO: 2:02-CR-019
                                               JUDGE SMITH

**DAMIEN MORRIS,**

                                                     *Expedited Action Docket*

    Defendant.

## ORDER ON SECOND MOTION FOR REDUCTION OF SENTENCE

This matter is before the Court on Defendant Damien Morris's Second Motion to Reduce Sentence pursuant to 18 U.S.C. §3582(c)(2) in an "Agreed Disposition Case", filed October 31, 2011 (Doc. 33). Defendant Morris pled guilty to one count of distribution of cocaine base in violation of 21 U.S.C. §841(a)(1) and §841(b)(1)(C) and one count of carrying and brandishing one or more firearms in violation of 18 U.S.C. §924(c)(1)(A)(i) and §924(c)(1)(A)(ii). Defendant was originally sentenced on October 23, 2002 to 65 months incarceration on Count 1, based on a base offense level of 24, with a criminal history category III, the advisory guideline sentencing range was 63 to 78 months. Defendant was sentenced to a mandatory sentence of 84 months imprisonment on Count 2 to run consecutive to Count 1, for a total of 149 months. Defendant was also sentenced to three years supervised release following his term of imprisonment.

Defendant's base offense level was reduced two levels from a 24 to a 22 after the

November 1, 2007 crack amendment was retroactively applied to his case. When combined with Defendant's criminal history category III, the new advisory sentencing guideline range was 51 to 63 months. Defendant's sentence was reduced to 53 months on Count 1. (*See* Doc. 31). Combined with the mandatory consecutive sentence of 84 months on Count 2, Defendant's new term of imprisonment was 137 months.

On November 1, 2010, as part of the congressional directive embedded in the Fair Sentencing Act of 2010, the United States Sentencing Commission promulgated Guideline Amendment 748 which calibrated the crack cocaine guidelines of §2D1.1 to an 18:1 ratio. On June 30, 2011, the Commission promulgated Guideline Amendment 750 which effectively amended U.S.S.G. §1B1.10 to authorize the retroactive application of Guideline Amendment 748 to all defendants who are serving crack sentences as long as they meet certain eligibility criteria.

The United States Attorney's office, the Federal Public Defender, and the Probation Department met to consider the merits of Defendant's case. All agreed to recommend that Defendant has met the Commission's eligibility requirements for the retroactive application of Guideline Amendment 748 to his case. After the November 1, 2010 crack amendment is retroactively applied to Defendant's case, the base offense level is reduced from a 22 to a 16, combined with his criminal history category, the new advisory sentencing guideline range is 27 to 33 months. The parties jointly recommend that the Court reduce Defendant's sentence to 28 months. This sentence would run consecutive to the 84 month sentence that Defendant is serving for Count 2, therefore resulting in an aggregate sentence of 112 months.

Whether to grant a reduction of sentence pursuant to §3582(c)(2) is within the discretion

of the court. *United States v. Ursery*, 109 F.3d 1129, 1137 (6th Cir. 1997). Although a defendant may qualify for a reduction in sentence, a reduction is not automatic. *See United States v. Vautier*, 144 F.3d 756, 760 (11th Cir. 1998) ("The grant of authority to the district court to reduce a term of imprisonment is unambiguously discretionary."). In considering whether a reduced sentence is appropriate, this court must consider the factors in 18 U.S.C. §3553(a) to the extent that they are applicable. *See* §3582(c)(2).

Upon consideration of Defendant's motion, the statutory sentencing factors set forth in §3553(a), and the joint recommendation of the parties, the Court concludes that a reduction of Defendant's term of incarceration is appropriate in light of the reduction in the applicable guideline range. The sentence of 53 months incarceration on Count 1 previously imposed in this case is hereby reduced to a term of incarceration of 28 months. Combined with the mandatory consecutive sentence of 84 months on Count 2, Defendant's new combined sentence is 112 months. This reduction in sentence is within the amended guideline range.

Except as provided above, all other provisions of the judgment previously entered in this case shall remain in effect.

The Clerk shall remove Document 33 from the Court's pending motion's list.

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　　　 */s/ George C. Smith*
　　　　　　　　　　　　　　　　　　　　　　 **GEORGE C. SMITH, JUDGE**
　　　　　　　　　　　　　　　　　　　　　　 **UNITED STATES DISTRICT COURT**

*Order Date:　　November 2, 2011*
*Effective Date: November 11, 2011*